IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HAZEL I. SOLIS, ADMINISTRATRIX OF | * | |
| THE ESTATE OF MICHAEL ANTHONY | * | C.A. No. 2:07-cv-______________ |
| SOLIS, JR. and MICHAEL ANTHONY | * | |
| SOLIS, SR., Plaintiffs | * | |
| | * | |
| VS. | * | |
| | * | |
| ARANSAS COUNTY, TEXAS, CITY OF | * | |
| ROCKPORT, TEXAS, ARANSAS COUNTY | * | |
| SHERIFF MARK GILLIAM, CITY OF | * | |
| ROCKPORT POLICE CHIEF TIM JAYROE | * | |
| ARANSAS COUNTY SHERIFF DEPUTIES, | * | |
| TINA KUTACH, MICHAEL HUFFMAN, | * | |
| RONNIE CRISP, JOSEPH NORMAN, | * | |
| SGT. BRAD BLALOCK, JOSE RODRIGUEZ, | * | |
| PHILLIP REEVES, JEFFERY COOPER, | * | |
| and ROCKPORT POLICE OFFICER | * | Plaintiffs Request a Jury Trial |
| STEVEN MCDONALD, Defendants | * | |

# PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Hazel I. Solis, Personal Representative and Administratrix of the Estate of Michael Anthony Solis, Jr., (hereinafter "Estate") and Michael Anthony Solis, Sr., (hereinafter "Solis") surviving parent of the decedent, Michael Anthony Solis, Jr., hereinafter Plaintiffs, files this Plaintiffs' Original Complaint complaining of Defendant Aransas County, Texas (hereinafter referred to as "Aransas County"), Defendant City of Rockport, Texas, (hereinafter referred to as "Rockport", Defendant Aransas County Sheriff Mark Gilliam (hereinafter referred to as "sheriff" or "Gilliam"), Defendant Tim Jayroe, City of Rockport Chief of Police (hereinafter referred to as "Jayroe" "Police Chief"), Defendant, Tina Kutach, Aransas County Sheriff Deputy–Captain (hereinafter

"Kutach"), Defendant Michael Huffman, Aransas County Sheriff Deputy, (hereinafter "Huffman") Defendant Ronnie Crisp, Aransas County Sheriff Deputy, (hereinafter "Crisp") Defendant Joseph Norman, Aransas County Sheriff Deputy, (hereinafter "Norman") Defendant Sgt. Brad Blalock, Aransas County Sheriff Deputy, (hereinafter "Blalock"), Defendant Jose Rodriguez, Aransas County Sheriff Deputy, (hereinafter "Rodriguez"), Defendant Phillip Reeves, Aransas County Sheriff Deputy, (hereinafter "Reeves"), Defendant Jeffery Cooper, Aransas County Sheriff Deputy, (hereinafter "Cooper"), and Defendant Steven McDonald, Rockport Police Officer, (hereinafter "McDonald") would show the court as follows:

**PARTIES**

1. Plaintiffs reside in Aransas County, Texas and may be served with process by and through Plaintiffs' attorney of record, William H. Berry, Jr. and Gail D. C. Dorn, Law Office of William H. Berry, Jr., at P. O. Box 23064, Corpus Christi, Texas 78403. Plaintiff Hazel I. Solis, is the Adminstratrix of the Estate of Michael Anthony Solis, Jr, Deceased, duly appointed and issued letters of administration on April 19, 2007. Plaintiff Michael Anthony Solis, Sr., is the surviving parent of Michael Anthony Solis, Jr. and is asserting his cause of action for the wrongful death of his son, Michael Solis, Jr. Elizabeth Arriaga is the surviving mother of Michael Solis, Jr., and is a person entitled to bring a cause of action pursuant to the Texas Wrongful Death Statute. Elizabeth Arriaga, to the knowledge of the Administrtrix has not instituted a cause of action for the wrongful death of Michael Solis, and has not requested the Adminstratrix not to prosecute a cause of action on the death of Michael Solis, Jr. Plaintiffs are persons with relevant knowledge

and is expected to provide testimony by deposition or live testimony at trial.

2. Defendant ARANSAS COUNTY, TEXAS, is a county situated in the State of Texas. Defendant can be served with process by and through the Aransas County Judge., at 301 North Live Oak Street, Rockport, Texas 78382-2798, (361) 790-0100. Defendant's representatives are persons with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

3. Defendant MARK GILLIAM, Sheriff of Aransas County, Texas, being sued individually and in his representative capacity, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

4. Defendant, TINA KUTACH, Aransas County Sheriff Deputy, Captain, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

5. Defendant, MICHAEL HUFFMAN, Aransas County Sheriff Deputy, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

6. Defendant, RONNIE CRISP, Aransas County Sheriff Deputy, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide

testimony by deposition or live testimony at trial.

7. Defendant, JOSEPH NORMAN, Aransas County Sheriff Deputy, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

8. Defendant, BRAD BLALOCK, Aransas County Sheriff Deputy--Sergeant, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

9. Defendant, JOSE RODRIGUEZ, Aransas County Sheriff Deputy, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

10. Defendant, PHILLIP REEVES, Aransas County Sheriff Deputy, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

11. Defendant, JEFFERY COOPER, Aransas County Sheriff Deputy, individually, may be served with process at 301 North Live Oak Street, Rockport, Texas 78382 (361) 729-2222. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

12. Defendant CITY OF ROCKPORT, TEXAS, is a municipal corporation,

Case 4:07-mc-00312 Document 1-2 Filed 05/21/2007 Page 5 of 29

incorporated in the State of Texas and situated in Aransas County, Texas, and can be served with process by and through its mayor, Todd Pearson, at 622 East Market, Rockport, Texas 78382-2530, (361) 729-2213. Defendant's representatives are persons with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

13. Defendant, TIM JAYROE, Chief of Police for the City of Rockport, Texas, sued in his representative capacity, may be served with process at 714 East Concho, Rockport, Texas 78382 (361) 729-1111. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

14. Defendant, STEVEN MCDONALD, Police Officer for the City of Rockport, Texas, individually, may be served with process at 714 East Concho, Rockport, Texas 78382 (361) 729-1111. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

15. Whenever in this petition it is alleged that governmental entity defendants did any act or thing, it is meant that defendants' officer, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendants' officer, agents, servants, employees or representatives.

**STATEMENT OF JURISDICTION**

16. This Court has jurisdiction of this cause of action under the Civil Rights Act, 42 U.S.C. §1983, et seq., 42 U.S.C. §1981. This court has supplemental jurisdiction

pursuant to 28 U.S.C. §1367 (a) for the causes of action Plaintiffs assert under Texas common and statutory law, including but not limited to the Texas Tort Claims Act, *V.T.C.A. Civil Practice & Remedies Code §101.021 et seq.*, the Texas Wrongful Death Statute, *V.T.C.A. Civil Practice & Remedies Code §71.002*, the Texas Survival Statute *V.T.C.A. Civil Practice & Remedies Code §71.021;* and common law causes of action for intentional infliction of emotional distress and assault and battery.

**VENUE**

17. Plaintiffs would show that the acts, omissions, complained of herein occurred in Rockport, Aransas County, Texas and venue is in the Southern District of Texas, Corpus Christi Division.

**NOTICE and CONDITIONS PRECEDENT**

18. Plaintiffs have complied with all conditions precedent entitling Plaintiffs to assert the claims made in the complaint. Notice has been given to the governmental entities herein pursuant to the *Civil Practice and Remedies Code §101.101* as required by Texas law or alternatively, the Defendants had actual knowledge of Plaintiff's claims.

**FACTS**

19. On or about May 28, 2006, Defendant Michael Huffman, an Aransas County Deputy Sheriff, (hereinafter referred to as "Huffman") responded to a 911 call at a home on Kossuth Street in Rockport, Texas. Upon arrival to the home at approximately 1:53 a.m., Huffman came into contact with Michael Anthony Solis, Jr. (hereinafter referred to as "Michael"). When the Aransas County and City of Rockport law enforcement officers and deputies arrived, Michael was sitting on a table on the front

Case 4:07-mc-00312 Document 1-2 Filed 05/21/2007 Page 7 of 23

porch of the home eating a plant. As the deputy walked towards Michael, Michael fell off of the table. The deputy (believed to be Huffman) took Michael into custody. Within minutes two other law enforcement personnel arrived, believed to be Aransas County sheriff deputies Defendants Ronnie Crisp (in uniform) and Joseph Norman (in plain clothes), and Defendant Steven McDonald, a City of Rockport police officer; (hereinafter referred to as “Crisp”, “Norman” and McDonald”, respectively) Two of the uniformed officers, then picked up Michael, took him off the porch, laid him on the ground, and pepper sprayed him for no reason, they then picked up Michael from the ground and drug him to the Aransas County Sheriff Department vehicle. Michael was then transported to the Aransas County Detention Center by Defendants Crisp and Norman. The video tape depiction on the Aransas County vehicle depicts two law enforcement persons dragging Michael by holding Michael under his arms, with his feet and legs dragging behind him and Michael’s head hanging down.

20. Michael was then placed in the back seat of the Aransas County vehicle and transported to the Aransas County Detention Center. The audio recording from the patrol car depicts Michael moaning and making audible, incomprehensible sounds. There are no sounds of movement or a struggle, but only one or both of the Sheriff deputies giving directions and making comments regarding Michael. The audio tapes are devoid of sounds suggesting that Michael was stuggling in any way, but rather indicate that he is in severe distress by the sound of his moaning and incoherence. Michael was transported to the Aransas County Detention Center rather than to a hospital or health care facility where he could receive medical care. An ambulance was not summoned to the scene.

Case 4:07-mc-00312 Document 1-2 Filed 05/21/2007 Page 8 of 23

21. Crisp and Norman acknowledgment and Michael's serious health endangering condition is revealed in their comments and communications between themselves during the transport and upon arrival at the detention center: "Dude, I'm not raggin' on ya, but that is was dope does", and "he is all coked up" and "if I was ... to consider a change of life style."

22. The audio tapes further reveal comments made by the deputies such as "m_____fer got my only pair of clean pants dirty" and "he is a biter, he is a kicker" and "I wish the m_____fer would bite me" and "stop f____ing kicking", and "stand up" and "like a damn chicken bone over there" and "stay on the ground". The deputies laugh and state "It ain't over yet." Michael responds to each of the comments and instructions made by the deputies with incoherent moaning and groaning. At no time does Michael ever indicate an ability to nor does he utter a coherent word, but constantly moans, as if in severe pain. Comparing the patrol car audio with the jail video clearly reveals that Michael is not kicking nor biting nor making any combative movements. In fact, the video clearly reveals Michael in a state of severe incoherence, and inability to walk upright necessitating him being dragged through the jail and unable to hold up his head unassisted.

23. Upon arrival at the Aransas County Detention Center, Michael and Defendants Norman and Crisp were met by three other Aransas County Sheriff Deputies, believed to be Defendant Jose Rodriguez, Defendant Phillip Reeves, and Defendant Jeffery Cooper, (hereinafter referred to as "Rodriguez", "Reeves" and "Cooper, respectively). Also at the scene is a Rockport police officer believed to be Defendant

Case 4:07-mc-00312 Document 1-2 Filed 05/21/2007 Page 9 of 29

McDonald. Michael was dragged from the car, appearing on the video to be almost comatose, wholly unable to support himself or hold up his head, and is sat upon by three deputies while two look on, re-cuffed, and unnecessarily and excessively manhandled by Defendants. Michael is then drug from the sally port, down the hall of the Aransas County Detenion Center, and placed on the floor of a cell, face down on his stomach. His outer clothing is then removed in a rough manner. The jail video depicts a person, dressed in orange, entering the cell with a bucket and then leaving the cell without a bucket. Michael is put n his hands and knees, and left alone in the cell at 01:50:53. Defendant Sgt. Brad Blalock (hereinafter “Blalock”), observed Michael when he was placed in the cell and observed Michael while he was in the cell alone. While in the cell alone, on his hands and knees, Michael sways, drops down onto his hands and then his face, likely dying at that moment, as shown on the video at 1:51:20 a.m.., while being observed by Blalock. At 01:53:57 a.m., three deputies enter the cell, roll Michael’s body over, take his pulse, and commence CPR at 01:54:16 a.m. The EMS arrived at the jail at 02:00:18 and administered CPR until 2:29:25 a.m. at which time, Michael is placed on a Gurney and removed from the jail cell, and transported to North Bay Hospital, where he is pronounced dead at 3:25 a.m. on May 28, 2006.

24. The autopsy performed on May 30, 2006, reveals that Michael had multiple abrasions and contusions on his body, left fourth rib fracture, and tested positive for cocaine and opiates in his system. Aransas County investigating officer, Matthew Baird, noted that Michael had obvious abrasions to his shoulder. At the hospital, investigating officer Baird noted that in addition to the abrasion to his shoulder, Michael also had

finger marks bruising consistent with Michael's left wrist being held with a strong grip, and there were four small spots on the exterior of his wrist. The toxicology reported that Michael's blood tested positive for 780 nanog/mL of cocaine, 2,500 nanog/mL of Benzoylecgonine; his liver contained 1,400 nanog/g of cocaine and 810 nanog/g of Benzoylecgonine, and positive for Lidocaine. There was also caffeine, nicotine, and cotinine in his system. The summary of the test from Christus Spohn repots "NA at 150, high" (136-145 mmcl/L being the normal range), "K at 13.4 *high (3.5-5.1 mmcl/L being the normal range) and his Glucose within normal limits. The report received from the National Medical Services, Inc. where the toxicology was sent for testing the presence of cocaine and heroin reported "Test was cancelled due to Quantity Not Sufficient."

25. At the time of his death, Michel was 28 years of age, he was five feet four inches tall, and weighed 129 pounds. He was unmarried, lived with his aunt and grandmother, and had been employed up to about one month before his death.

26. Plaintiffs believe that discovery will reveal that:

a. There exists a pattern and practice of use of excessive force and failure by Aransas County and the Aransas County Sheriff's Department to provide adequate medical treatment to persons within their custody and control;

b. Complaints and communications received and known to the governing body of Aransas County and the City of Rockport of complaints of the use of excessive force and failure to provide adequate medical care and treatment in the arrest, detention, and incarceration of citizens.

c. Complaints against the defendants for misuse of pepper spray and

improper decontamination of persons who have been pepper sprayed;

d. Improper transporting of detainees and inmates to jail facilities in other counties when an inmate or detainee in their care becomes ill because of denial of adequate medical treatment while in the custody of the Aransas County Detention Center and Aransas County Sheriff.

e. Complaints against all Defendants for misuse of handcuffs and "pepper spray" and/or "mace" and Defendants failure to respond adequately or appropriately.

f. Custodial deaths and/or serious injury for the lack of adequate medical care provided by the Defendants in the arrest, detention, and incarceration of citizens.

g. Withholding of medical care and treatment.

h. Failure to timely and appropriately transport citizens in need of medical care or treatment to a health care facility at the time of arrest and during a detainees or inmates incarceration;

i. Failure to timely and appropriately call an ambulance to the scene of a call when encountering a suspect or person of interest in need of medical care or treatment.

27. Michael suffered serious bodily injury and emotional distress prior to his death and subsequently died as a result of the Defendants violations of his civil rights and violation of the Texas statutory and common law, for which Plaintiffs seek damages.

**VIOLATIONS CIVIL RIGHTS ACT – 42 U.S.C. §1983**

28. Plaintiffs rely upon the facts as stated in the "Facts" paragraphs, *supra,* in support of the causes of action for violations of Michel's civil rights, and the facts are incorporated herein as if fully set forth. All Defendants, acting under color of law, violated Michael's civil rights vindicated under 42 U.S.C. §1983. Such conduct, acts and omissions, are the proximate and producing cause of Plaintiff injuries and damages alleged herein.

a. Defendants conduct, acts and omissions, violate Michael's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution because Michael was unlawfully and wrongfully arrested and taken into custody without probable cause or justification and because Defendants' conduct constitutes the unlawful use of excessive force in Michael's arrest, detention and incarceration at the Aransas County Detention Center.

b. Defendants conduct, acts and omissions, violate Michael's Fourteenth (and/or Eighth Amendment) and Fifth Amendment rights of the United States Constitution because Defendants failed to provide adequate medical care and treatment for Michael's serious medical and health condition and injuries. Defendants conduct, acts and omissions were intentional, willful, done with deliberate indifference, and maliciously, and constitute cruel and unusual punishment in violation of the Fourteenth (and/or Eighth) Amendment of the United States Constitution.

29. Plaintiffs would show that the followings acts, omissions, and conduct

constitute unlawful excessive force:

a. in selecting, applying, and administering pepper spray to Michael;

b. failing to properly and timely decontaminate Michael after pepper spray was administered;

c. The force used in arresting Michael;

d. The force used in placing Michael into the patrol car;

e. The force used in removing Michael from the patrol car and the manner of placing handcuffs on Michael (1) at the scene of the arrest and (2) again at the Aransas County Detention Center;

f. The force used in taking Michael to the cell at the Aransas County Detention Center;

g. The force used to place Michael in the cell at the Aransas County Detention Center and force used while Michael was in the cell at the jail.

30. Plaintiffs would show that the Defendants denial of adequate medical treatment and care to Michael is a violation of his civil rights under 42 U.S.C. §1983, because Michael had serious medical needs from a condition that endangered his health and well being from the time that the Defendants arrived at the scene of his arrest until his death while in the custody of Defendants. Defendants further endangered and aggravated Michael’s serious health condition by wrongfully pepper spraying Michael, and failing to or improperly decontaminating Michael. Defendants knew or should have known of Michael’s serious medical needs yet they intentionally, willfully, and with deliberate indifference and maliciously disregarded the Michael’s serious health and medical needs

and condition which constituted an excessive risk to the Michael's health and welfare.

a. Defendants failed to summon an ambulance or emergency medical service, or transport Michael from the scene of the arrest to a health care facility or provider;

b. Needlessly and recklessly pepper sprayed Michael;

c. Taking Michael into custody and transporting him to and incarcerating him at the Aransas County Detention Center without providing him adequate medical treatment and care;

d. Failing to timely, adequately and properly decontaminate Michael after Michael was pepper sprayed;

e. Withholding adequate and timely medical treatment.

31. Defendants conduct in failing to properly and timely and adequately decontaminate Michael after pepper spray had been administered to Michael constitutes both the use of excessive force and inadequate medical treatment. Michael suffered from a serious condition that adversely affected his health and well being, for which Defendants knew or should have known, and Defendants failed to take the necessary care and subsequently aggravated or exacerbated Plaintiff's physical condition. "County" and "deputy" Defendants entered into a conspiracy with the Defendants Rockport, Jayroe and Defendant McDonald, to violate Michael's civil rights and to deny Michael his constitutional rights as guaranteed by the United States Constitution and the Constitution and laws of the State of Texas.

32. Defendants unlawfully and maliciously abused Michael during his

detention, arrest, and incarceration. Defendants inflicted grievous injuries on Michael while in Defendants custody, from the time Michael was arrested through the time of his death, all done intentionally, or with deliberate indifference and callous disregard of Michael's rights and deprived Michael of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, which was a proximate cause of Michael's injuries and the Plaintiff's damages.

33. Defendants unlawful failure to provide adequate medical care and evaluation, and the act of transporting Michael to the detention center rather than to a health care facility or timely summoning an ambulance at the time of arrest through the time of Michael's death, was done intentionally, or with deliberate indifference and callous disregard of Michael's rights, and deprived Michael of his constitutional rights, in violation of the Fourteenth (and/or Eight) and Fifth Amendments of the United States Constitution.

34. Pursuant to official policy or custom, Defendants City of Rockport, Jayroe, Aransas County, Gilliam, and Kutach, committed acts, omissions and conduct knowingly, recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Michael's rights and in violation of Michael's constitutional rights that was a proximate cause of Michael's injuries and Plaintiffs' damages.

a. Defendants failed to (1) have proper policy and procedures to identify serious health conditions requiring medical treatment for persons being detained, arrested, and/or incarcerated, by the City or County, and/or (2) enforce policies and procedures regarding the identification of conditions requiring

medical treatment for person detained, arrested, and/or incarcerated; and/or (3) applied policies and procedures in a manner that violates persons constitutional rights; and/or (4) had a custom or practice to violate the civil rights of persons with serious health conditions requiring medical care or treatment.

b. Defendants failed to have proper policy and procedures to (1) determine the proper use of pepper spray on persons with serious medical or health conditions for which the use of pepper spray may place endanger the person's health, safety, or well being; (2) failed to enforce policies and procedures on the proper use of pepper spray on persons with serious condition for which the administration of pepper spray may endanger the persons health, safety or well being; (3) applied policies and procedures regarding the use of pepper spray in a manner that violates persons constitutional rights; and/or (4) had a custom or practice to violate the civil rights of persons in the use of pepper spray on persons with serious health conditions.

c. Defendants failed to have proper policy and procedures to (1) determine the proper decontamination of persons were who have been pepper sprayed; (2) failed to enforce policies and procedures on the proper decontamination of persons who have been pepper sprayed; (3) applied policies and procedures regarding decontaminating persons who have been pepper sprayed in a manner that violates persons constitutional rights; and/or (4) had a custom or practice to violate the civil rights of persons in need of decontamination after being pepper sprayed.

d. Defendants failed to have policies and procedures to properly assess and identify potential arrestees, detainees, or persons within the custody of Aransas County and the City of Rockport (1) with serious medical or health conditions, (2) whether the use of pepper spray is improper or would result in further serious damage or further deterioration of their medical condition; (3) proper decontamination methods; (4) necessity for immediate transport to a health care facility.

e. Defendants adopted and enforced policies and procedures or allowed customs and practices that are unconstitutional;

f. Defendants applied policy and procedures or had in place customs and practices that were applied in an unconstitutional manner;

35. Acting under color of law and pursuant to official policy or custom, Defendants Aransas County, Rockport, Gilliam, and Jayroe, knowingly, recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Michael's rights, failed to have proper facilities, policy and procedures, customs or practices, adequate training, instruction, supervision, control, and discipline of law enforcement personnel, or allowed to exist a custom or practice that violated arrestees, detainees, and inmates civil rights in the operation and condition of the jail, in detaining, arresting, transporting, incarcerating persons, and in their law enforcement duties as follows:

a. failed to adopt and have in place a plan, policy or procedure, training, enforcing, monitoring, training for law enforcement officers to evaluate and properly identify and assess and handle (1) persons who have special needs because of a serious health threatening condition, (2) protect persons from the use

Case 4:07-mc-00312 Document 1-2 Filed 09/21/2007 Page 18 of 29

of excessive force by law enforcement personnel; (3) proper procedures to protect against violations of citizen's constitutional rights;

b. failed to follow necessary and minimal policies and procedures in (1) evaluating and handling persons with serious health threatening conditions, and (2) protecting persons from the use of excessive force by law enforcement personnel; (3) proper procedures to protect against violations of citizen's constitutional rights;

c. failed to instruct, supervise, control, monitor, and discipline, law enforcement personnel from the Aransas County Sheriff's Department and the Rockport City Police Department, and specifically the individual defendants in this litigation, in the operation and proper policies and procedures to be followed (1) in the proper use of force, specifically the use of pepper spray;.(2) regarding decontamination of persons who have been pepper sprayed, (3) regarding persons who are under the influence of a substance that adversely affects their well being; (4) transporting persons to a health care facility or summoning emergency medical personnel or an ambulance.

d. To recognize, evaluate, or accommodate persons

(1) who have serious health conditions requiring medical attention,

(2) with serious medical needs arising from the use of pepper spray;

(3) serious medical needs arising from the failure to proper decontaminate persons that have been pepper sprayed; and

(4) in need of immediate transfer to health care facilities;

(5) the proper and lawful use of force.

e. transporting persons with serious health needs to a health care facility;

f. adopted, interpreted, enforced policies that are unconstitutional,

g. adopted, interpreted and enforced policies in an unconstitutional manner,

h. unlawfully and maliciously harass and mistreat persons who have been arrested or detained and/or incarcerated and under their supervision and control;

i. unlawfully and maliciously failing to accommodate arrestees, detainees, or inmates and then mistreating or denying the persons their rights and remedies while detained and incarcerated;

j. conspired with others to violate the rights, privileges, and immunities guaranteed under the United States and Texas Constitutions and Federal and Texas law;

k. failed to take adequate and necessary action to discourage or discipline law enforcement personnel who violate citizen's civil rights;

l. accepting, tolerating and failing to discipline or cure the inadequate medical care and treatment;

m. failed to take adequate and necessary action to discourage or discipline law enforcement personnel who use unlawful, excessive force in the arrest and detention of citizens;

n. tolerating, accepting and failing to enforce policies and procedures in

a manner and method that violates arrestees and/or detainees civil rights,

o. failing to properly train, educate or discipline law enforcement and jail personnel,

p. failing to discipline or enforce violations of policies, procedures, rules, regulations, or violations of the law, policies, procedures that were undertaken in violation of arrestees and/or detainees civil rights.

q. otherwise deprived Michael of his constitutional and statutory, rights, privileges, and immunities.

36. Defendants City of Rockport, Aransas County, Sheriff Gilliam, Chief Jayroe, and Captain Kutach had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Rockport, Aransas County, Gilliam, Jayroe and Kutach had the power and duty to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Michael's rights failed or refused to do so. Such conduct was malicious.

37. Defendants Rockport, Aransas County, Police Chief Jayroe, and Sheriff Gilliam directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants in the arrest, cuffing, pepper spraying, dragging, failing to decontaminate, denying Michael adequate medical care, use of excessive force, and the unlawful confinement of Michael.

Case 4:07-mc-00312 Document 1-2 Filed 05/21/2007 Page 21 of 29

38. Defendants Aransas County and City of Rockport's conduct in the unlawful arrest, use of pepper spray, improper decontamination, detention and confinement of Michael, and the misuse of tangible personal property, i.e. pepper spray, decontamination bucket, and handcuffs, constitutes excessive force in violation of both Texas and Federal law. Defendants violated Michael's rights to be free from excessive force and unlawful arrests and detentions without probable cause, in violation of Michael's Fourth and Fourteenth Amendment Rights. Defendants failed to comply with the proper, standard procedures recognized and utilized by law enforcement to decontaminate individuals who have been pepper sprayed. Defendants method of using bucket of water rather than placing the individuals face and sprayed body part under running water from a faucet, shower, or other running spray-water method. For example, Nueces County utilizes a running "shower head" type apparatus where pepper sprayed detainees are immediately decontaminated.

39. As a direct and proximate and producing cause of the Defendants violations of Michael's constitutional rights, Michael has suffered the damages asserted in this Complaint, for which the Estate is entitled to recover damages, and which was the proximate cause of Michael's death entitling the surviving parents to recover damages.

**CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. §1985**

40. The conduct of the Defendants as set forth in the "FACTS" paragraphs, *supra*, constitutes a conspiracy to violate Michael's civil rights, which was entered into knowingly, maliciously, or with conscious indifference to the rights of Michael and for the purpose to violate Michael's civil rights. The "County" and "sheriff deputies"

Case 4:07-mc-00312 Document 1-2 Filed 09/21/2007 Page 22 of 29

defendants acted in concert with Defendants Rockport, Jayroe, and McDonald to commit unlawful acts or to commit lawful acts by unlawful means, whereby they agreed to inflict an injury on Michael that resulted in Plaintiffs' damages. The conspiracy was the proximate cause of the violation of Michael's constitutional rights and damages alleged herein. Michael was deprived of his Fourth, Fourteenth (and/or Eighth), and Fifth Amendment rights because (1) Michael was subjected to an unlawful detention and arrest, (2) excessive force was used in detaining, arresting and incarcerating Michael, (3) Michael was wrongfully arrested, wrongfully imprisoned and wrongfully incarcerated at the Aransas County Detention Center; (4) Michael was deprived of proper medical care and treatment for a serious health condition (a) at the time he was taken into custody, (b) as a result of being pepper sprayed, (c) as a result of being improperly decontaminated after being pepper sprayed; (5) being arrested and transported to the Aransas County Detention Center rather than to a health care facility.

41. As a direct and proximate and producing cause of the Defendants conspiring to violate Michael's constitutional rights, Michael has suffered the damages asserted in this Complaint, for which the Estate is entitled to recover damages, and which was the proximate cause of Michael's death entitling the surviving parents to recover damages.

**VIOLATIONS OF TEXAS TORT CLAIMS ACT**

42. Plaintiffs would show that the facts alleged in the "FACTS" paragraph, *supra,* constitute violations by the Defendants Aransas County and the City of Rockport constitute violations of the Texas Tort Claims Act, *V.T.C.A. Civil Practice & Remedies*

Case 4:07-mc-00312 Document 1-2 Filed 09/21/2007 Page 23 of 23

*Code §101.021 et seq.* Michael suffered grievous personal injuries caused by the wrongful act or omission or negligence caused by the condition or use of tangible personal property, i.e. pepper spray, bucket for decontamination and handcuffs. Additionally Michael suffered personal injuries from the City of Rockport and Aransas County and from employees of the Defendants Aransas County and Rockport by reason of the employees' negligence, wrongful act or omission because the employees would be personally liable to Plaintiffs according to Texas law. The wrongful conduct, acts, and omission of the Defendants Aransas County and City of Rockport is the proximate and producing cause of the Plaintiffs' damages alleged herein.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43. Plaintiffs would show that the conduct and actions of the individual Defendants sued in their individual capacity constitutes intentional infliction of emotional distress that is a proximate and producing cause of Plaintiffs' damages alleged herein in an amount within the jurisdictional limits of this court.

**ASSAULT AND BATTERY**

44. Plaintiffs would show that the conduct of the individual defendants Huffman, Crisp, Norman, Blalock, Rodriguez, Reeves, Cooper, and McDonald, constitutes assault and battery which is a proximate and producing cause of Plaintiffs' damages alleged herein, for which Plaintiffs seek recovery from the individual defendants.

**MALICE**

45. Plaintiffs would show that the conduct of the defendants constitutes malice,

which is the proximate and producing cause of Plaintiffs' damages alleged herein and entitles Plaintiffs to recover exemplary damages against the individual defendants for Plaintiffs causes of action, as provided by *Vernon's Civ. Prac. & Rem. C. §41.001 (6), §41.002 and §41.003*. Plaintiffs would further show that the malice can be inferred from the conduct itself. Plaintiffs seek actual damages against all defendants and exemplary damages against the individual defendants, in an amount within the jurisdictional limits of this court.

**WRONGFUL DEATH AND SURVIVAL CAUSES OF ACTION**

46. Plaintiff Administratrix asserts the causes of action pursuant to the Texas Wrongful Death Statute, *V.T.C.A. Civil Practice & Remedies Code §71.001 et seq.,* and the Survival of Cause of Action, *V.T.C.A. Civil Practice & Remedies Code §71.021.* Michael Solis, Sr. is a party plaintiff to recover his damages pursuant to the Texas Wrongful Death Statute, and is an heir at law of the deceased, Michael Solis, Jr. Elizabeth Arriaga is the surviving mother of the deceased, and is identified herein as provided by the Wrongful Death Statute and the Survival Cause of Action as an heir at law of the Deceased, Michael Solis, Jr.

**DAMAGES**

47. Plaintiff would show that as a proximate and producing cause of Defendants' conduct, acts, or omissions, as set forth in the 'FACTS" paragraphs, *supra*, Plaintiffs have suffered the following elements of damages:

a. Michael's physical pain and mental anguish. Pain and mental anguish means the conscious physical pain and emotional pain, torment, and

Case 4:07-mc-00312 Document 1-2 Filed 09/21/2007 Page 25 of 29

suffering experienced by Michael Solis, Jr. before his death as a result of the occurrence in question.

b. Michael's loss of earning capacity.

c. Michael's disfigurement.

d. Michael's physical impairment.

e. Michael's medical expenses. Medical expenses means the reasonable expense of the necessary medical and hospital care received by Michael Solis, Jr. for treatment of injuries sustained by him as a result of the occurrence in question.

f. Loss of and damage to Michael's personal property;

g. Plaintiff Estate's probate costs and expenses;

h. All Plaintiffs' out of pocket expenses;

i. All Plaintiffs' consequential damages;

j. Plaintiffs seek relief for the court to enter judgment that Aransas County and the City of Rockport enact policies, procedures, rules and regulations that provide law enforcement to be trained and policies enacted for assessment, identification, and handling of detainees, inmates, and persons with serious health conditions; the administering of pepper spray; the proper decontamination of persons who have been pepper sprayed; providing adequate medical care; and transporting persons with serious health conditions to a health care facility; to ensure that citizen's constitutional rights are protected.

k. Litigation costs and expenses, and expert fees and expenses.

l. Reasonable and necessary funeral and burial expenses incurred by the Estate. Funeral and burial expenses means the reasonable amount of expenses for funeral and burial for Michael reasonable suitable to his station in life.

m. Michael Solis, Sr.'s pecuniary loss sustained in the past and that will in all likelihood be sustained in the future. Pecuniary loss means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the surviving parent, in reasonable probability, would have received from Michael if he had lived.

n. Michael Solis, Sr.'s loss of companionship and society sustained in the past and that will in all likelihood be sustained in the future. Loss of companionship and society means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Michael's surviving parent, in reasonable probability, would have received from Michael, had he lived.

o. Michael Solis's Sr.'s mental anguish sustained in the past and that in all likelihood will be sustained in the future. Mental anguish means the emotional pain, torment, and suffering experienced by Michael Solis, Sr. because of his son Michael's death.

p. Elizabeth Arriaga, the surviving mother of Michael Solis, Jr. has a claim for damages pursuant to the Texas Wrongful Death Statute for her pecuniary

Case 4:07-mc-00312 Document 1-2 Filed 09/21/2007 Page 27 of 29

loss, loss of companionship and society and mental anguish, sustained in the past and that will in all likelihood be sustained in the future, and she is being named in the complaint pursuant to *V.T.C.A. Civil Practice & Remedies Code §71.004.*

48. Plaintiffs reserve the right to replead and allege further elements of damages, Plaintiffs allege damages in an amount within the jurisdictional limits of this court.

**ATTORNEY FEES 42 U.S.C. §1988**

49. The undersigned attorneys have been retained by the Administratrix and Michael Solis, Sr. to pursue the causes of action alleged herein. Plaintiffs are entitled to recover attorney fees; which are reasonable, necessary and customary in this cause. The Estate is entitled to recover it attorney fees and litigation costs and expenses incurred on bringing and asserting the causes and being required to bring pursuant to the Wrongful Death Statute and the Survival Causes of Action. The undersigned counsel, William H. Berry, Jr. and Gail D. C. Dorn are expected to testify as expert witnesses at the time of trial as to the reasonable and necessary incurrence of said attorney fees. These attorney's fees are:

a. Reasonable and necessary attorney fees for the preparation and trial of this cause.

b. Reasonable and necessary attorney fees for an appeal to the Court of Appeals or Circuit Court.

c. Reasonable and necessary attorney fees for making or responding to an

appeal or writ of certiorari to the United States Supreme Court; and

d. Reasonable and necessary attorney fees for making or responding to a certified question to the Texas Supreme Court; and

e. Reasonable and necessary attorney fees for an appeal to the United States Supreme Court in the event an appeal or writ of certiorari is granted.

f. Reasonable and necessary attorney fees for collection of the judgment in this case or fees incurred upon remand of the case by any appellate court for a redetermination of all or any portion of a judgment.

**INTEREST**

50. Plaintiffs are entitled to recover prejudgment and post judgment interest at the highest rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon a trial on the merits, that the Plaintiffs be awarded Plaintiffs' actual and exemplary damages, reasonable and necessary attorney fees, prejudgment and post judgment interest at the highest rate allowed by law, costs of court, and dispense with the requirement for payment of the library fee and dispute resolution fees, and for all other relief to which Plaintiffs are entitled in law and equity and which may arise from the pronouncement from the Court of Appeals, Texas Supreme Court, United States District and Circuit Courts, and United States Supreme Court pending the litigation or appeal of this matter.

Plaintiffs request a jury trial. Filed on the 21 day of May, 2007.

Respectfully submitted,

/s/ William H. Berry, Jr.
WILLIAM H. BERRY, JR.
Attorney in Charge for Plaintiffs
P. O. Box 23064
Corpus Christi, Texas 78403
(361) 888-5568; FAX: (361) 888-5578
e-mail: berrylaw@sbcglobal.net
Texas Bar No. 02251000
Federal I.D. No. 1155

/s/ Gail D. C. Dorn
GAIL D. C. DORN
Attorney for Plaintiffs
P.O. Box 23064
Corpus Christi, Texas 78403
(361) 888-5568; FAX: (361) 888-5578
e-mail: berrylaw@sbcglobal.net
Texas Bar Card No. 06007350
Federal ID: 16311